Chief Judge Fuld
(dissenting). The defendant was convicted, in 1960, of violating section 1141 of the Penal Law and sentenced to imprisonment for three years and, in addition; fined $12,500. Upon his trial — which was held before the Supreme Court decided Mapp v. Ohio (367 U. S. 643) —he objected to the admission into evidence of over 15,000 allegedly obscene books on the ground that they had been obtained as a result of unlawful searches and seizures. The defendant’s objectians were overruled, presumably on authority of People v. Defore (242 N. Y. 13), and he was thereby precluded from establishing the bases for his assertions that the searches and seizures were illegal.
The decision in Mapp v. Ohio (367 U. S. 643, supra) came down while the defendant’s appeal was pending in the Appellate Division. Since the case was still “ in the normal course of the appellate process ”, he was entitled to avail himself of the new exclusionary rule (see, e.g., People v. Muller, 11 N Y 2d 154, 156; People v. Loria, 10 N Y 2d 368, 371; Linkletter v. Walker, 381 U. S. 618) and, when it reached this court, he sought a reversal on the ground, among others, that the books received in evidence against him had been illegally seized in violation of his rights under the Fourth and Fourteenth Amendments. However, we affirmed his conviction, expressly rejecting those constitutional arguments (15 N Y 2d 671, 724), and, on his *718 further appeal, the Supreme Court also affirmed the conviction (383 TI. S. 502).
It now appears, in retrospect, that we decided the search and seizure issue against him on the basis of an inadequate record. The Supreme Court, in affirming the judgment, took pains to point out that it declined ‘ to reach the merits of the search and .seizure claim ’ ’ because the ‘ far-reaching and important questions tendered by this claim are not presented by the record with sufficient clarity ” (383 U. S., at pp. 512-513). The defendant has again raised the issue of illegal search and seizure, this time by an application for an order in the nature of a writ of error cor am nobis, and such application has been denied by the courts below without a hearing.
In other cases, in which appeals were pending when the Mapp case was decided, and where a search and seizure issue was properly raised but not fully developed, upon the trial, the consistent practice has been to withhold determination of the appeal and to remand the case to the trial court for a hearing. (See, e.g., People v. Coffey, 11 N Y 2d 142; People v. Ostolaza, 19 A D 2d 871.) Since we inadvertently neglected to do this with respect to the defendant before us, we should now afford him an opportunity to demonstrate that the evidence against him was illegally obtained. (Cf. United States ex rel. De Forte v. Mancusi, 379 F. 2d 897, 900 n.4.) Indeed, to refuse to give him a hearing on that issue when one has been accorded to all other defendants similarly situated amounts to a denial of equal protection of the laws.
I would, therefore, reverse the order of the Appellate Term and remit the case to the Criminal Court of the City of New York for a hearing on the defendant’s claim that his conviction was based on illegally obtained evidence.
Order affirmed.